UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLANO-NAPA COUNTIES ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZACHARY ALAN CAMERON, <br><br> Defendant. | Case No. 15-cv-05765-YGR   (DMR) <br><br> **ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT; SETTING HEARING ON MOTION** <br><br> Re: Dkt. No. 13 |

On February 24, 2016, Plaintiffs[1] filed a motion for default judgment. [Docket No. 13.] The motion was referred to the undersigned by the Hon. Yvonne Gonzalez Rogers for a Report and Recommendation. [Docket No. 14.]

Having reviewed that motion, this court determines that Plaintiffs did not brief their entitlement to the entry of default judgment pursuant to the factors enumerated in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiffs seek $15,363.51 in audit fees on the basis that the shortages revealed by the audit meet the conditions, such that they are entitled to "incurred audit fees" under the terms of the Collection Procedures for the Trust Fund. MDJ at 13. However, Plaintiffs have not supported this claim for relief with proper evidence, such as a sworn affidavit stating that they incurred $15,363.51 in audit fees.

In order to recover damages after securing a default judgment, a plaintiff must prove the

---

[1] Plaintiffs are Solano-Napa Counties Electrical Workers' Health and Welfare Trust, Solano-Napa Counties Electrical Workers' Pension Trust, Solano-Napa Counties Electrical Workers' Profit Sharing Plan, Solano-Napa Counties Joint Electrical Education and Training Trust, Solano-Napa Counties Labor Management Cooperation Trust, and National Electrical Fund (collectively "Trusts");  International Brotherhood of Electrical Workers Local 180 (hereinafter "Union"); and Dan Broadwater and Greg Armstrong who are trustees and fiduciaries of each trust.

relief it seeks by submitting proper evidence by way of a sworn affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Plaintiffs request $5,401.50 in attorneys' fees. Ling Decl. ¶ 5. Plaintiffs' request for attorneys' fees only included one invoice for hours worked in December 2015 for the amount of $1,505.92. Ling Decl., Ex. A. The remainder of attorneys' fees sought was based on estimates of time worked. Ling Decl. ¶ 4. Plaintiffs must submit a more detailed accounting sufficient to support Plaintiff's requested award of reasonable attorneys' fees for litigating this action, such that the court may determine whether the time spent was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also* N.D. Cal. Civ. L.R. 54-5.

Plaintiffs shall submit supplemental briefing to support the amount they seek to recover in incurred audit fees and attorneys' fees by **April 11, 2016**, to address the above deficiencies in the motion for default judgment.

**Immediately upon receipt of this Order, Plaintiffs shall serve Defendant with a copy of this Order and file a proof of service with the court.**

**IT IS SO ORDERED.**

Dated: April 7, 2016

Donna M. Ryu
United States Magistrate Judge